IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| DANDALL McTIER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.:  2:05-CV-607-B |
| | ) | |
| ELI LILLY AND COMPANY; | ) | **Jury Trial Demanded** |
| DAVID LARRAINE; | ) | |
| MICHAEL W. JONES, | ) | |
| | ) | |
| Defendants. | | |

### <u>ANSWER OF DEFENDANT ELI LILLY AND COMPANY</u>

Defendant Eli Lilly and Company ("Lilly"), by its counsel, hereby responds to plaintiff's Complaint as follows:

### <u>PARTIES</u>

1.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2.    Lilly denies the allegations contained in Paragraph 2 of the Complaint, except admits that (1) Lilly is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana, and that at certain times it has been authorized to do business in the State of Alabama, and within this judicial district and (2) Lilly developed, manufactured, marketed and sold Zyprexa® to independent pharmaceutical wholesalers.

3.    Lilly admits that Michael W. Jones is a resident of the State of Alabama.

4.    Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.      Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      The allegations contained in Paragraph 6 of the Complaint state conclusions of law to which no responsive pleading is required.

7.      The allegations contained in Paragraph 7 of the Complaint state conclusions of law to which no responsive pleading is required, except Lilly is without knowledge or information sufficient to form a belief about the locations of events giving rise to these claims.

## FACTUAL ALLEGATIONS

8.      Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.      Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10.      Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11.      Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12.      Lilly denies the allegations contained in Paragraph 12 of the Complaint, except admits that (1) Zyprexa® is an atypical antipsychotic and (2) Zyprexa® is approved by the FDA for the treatment of schizophrenia, the treatment of acute mixed or manic episodes associated with Bipolar I Disorder, and maintenance monotherapy for bipolar disorder.  By way of further response, it is admitted that Zyprexa® with Lithium or valproate, is indicated, in combination, for the short-term treatment of acute manic episodes associated with Bipolar I disorder.

13.     Lilly denies the allegations contained in Paragraph 13 of the Complaint, except admits that Lilly researched, tested, developed, manufactured, labeled, marketed and sold Zyprexa® to independent pharmaceutical wholesalers.

14.     Lilly denies the allegations contained in Paragraph 14 of the Complaint, except admits that, after receiving FDA approval to market Zyprexa® for the treatment of schizophrenia, the treatment of acute mixed or manic episodes associate with Bipolar I Disorder, and maintenance monotherapy for bipolar disorder, it marketed Zyprexa® for use only on prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

15.     Lilly denies the allegations contained in Paragraph 15 of the Complaint.

16.     Lilly denies the allegations contained in Paragraph 16 of the Complaint, except admits that Lilly has marketed Zyprexa® to physicians in the United States in accordance with applicable laws and regulations, with adequate communication of known risks, and with adequate warnings commensurate with the risk and gravity of the possible side effects from its use.

17.     Lilly denies the allegations contained in Paragraph 17 of the Complaint, except admits that Lilly has marketed Zyprexa® to physicians in the United States in accordance with applicable laws and regulations, with adequate communication of known risks, and with adequate warnings commensurate with the risk and gravity of the possible side effects from its use.

18.     Lilly denies the allegations contained in Paragraph 18 of the Complaint, except admits that information regarding the safety profile of Zyprexa® was contained in the

FDA-approved labeling for Zyprexa®. Any characterization of the Zyprexa® product labeling that is inconsistent with the FDA-approved labeling for Zyprexa® when the labeling is read in its entirety is denied.

19.    Lilly denies the allegations contained in Paragraph 19 of the Complaint.

20.    Lilly is without knowledge as to plaintiff's meaning of the term "total profits," and therefore denies the allegations contained in Paragraph 20 of the Complaint.

21.    Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22.    Lilly denies the allegations contained in Paragraph 22 of the Complaint, except is without knowledge or information sufficient to form a belief about the plaintiff's knowledge of the safety profile of Zyprexa®.

23.    Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24.    Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25.    Lilly denies the allegations contained in Paragraph 25 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

### [STRICT PRODUCTS LIABILITY FAILURE TO WARN]

26.    Lilly repeats and re alleges with the same force and effect as if fully set forth herein its answer to each and every allegation contained in each paragraph incorporated by reference in Paragraph 26 of the Complaint.

27.    Lilly denies the allegations contained in Paragraph 27 of the Complaint, except admits that Lilly developed, manufactured, marketed and sold Zyprexa® to independent pharmaceutical wholesalers. Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint relating to the plaintiff and his physician.

28.     Lilly denies the allegations contained in Paragraph 28 of the Complaint.

29.     Lilly denies the allegations contained in Paragraph 29 of the Complaint.

30.     Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint relating to the plaintiff.

31.     Lilly denies the allegations contained in Paragraph 31 of the Complaint, except admits that information regarding the safety profile of Zyprexa® was contained in the FDA-approved labeling for Zyprexa®.

32.     Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint relating to the plaintiff.

33.     Lilly denies the allegations contained in Paragraph 33 of the Complaint, except admits that information regarding the safety profile of Zyprexa® was contained in the FDA-approved labeling for Zyprexa®.

34.     Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint relating to the plaintiff.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## ANSWERING THE SECOND CAUSE OF ACTION

### [STRICT PRODUCTS LIABILITY/DEFECTIVE PRODUCT]

35.    Lilly repeats and realleges with the same force and effect as if fully set forth herein its answer to each and every allegation contained in each paragraph incorporated by reference in Paragraph 35 of the Complaint.

36.    Lilly denies the allegations contained in Paragraph 36 of the Complaint, except admits that Lilly developed, manufactured, marketed and sold Zyprexa® to independent pharmaceutical wholesalers.  Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint relating to the plaintiff.

37.    Lilly denies the allegations contained in Paragraph 37 of the Complaint.

38.    Lilly denies the allegations contained in Paragraph 38 of the Complaint.

39.    Lilly denies the allegations contained in Paragraph 39 of the Complaint, except admits that information regarding the safety profile of Zyprexa® was contained in the FDA-approved labeling for Zyprexa®.  Any characterization of the Zyprexa® product labeling that is inconsistent with the FDA-approved labeling for Zyprexa® when the labeling is read in its entirety is denied.

40.    Lilly denies the allegations contained in Paragraph 40 of the Complaint, except admits that information regarding the safety profile of Zyprexa® was contained in the FDA-approved labeling for Zyprexa®.  Any characterization of the Zyprexa® product labeling that is inconsistent with the FDA-approved labeling for Zyprexa® when the labeling is read in its entirety is denied.

41.    Lilly denies the allegations contained in Paragraph 41 of the Complaint.

42.    Lilly denies the allegations contained in Paragraph 42 of the Complaint.

43.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint relating to the plaintiff.

44.    Lilly denies the allegations contained in Paragraph 44 of the Complaint.

45.    Lilly denies the allegations contained in Paragraph 45 of the Complaint.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## ANSWERING THE THIRD CAUSE OF ACTION

### [NEGLIGENCE]

46.    Lilly repeats and realleges with the same force and effect as if fully set forth herein its answer to each and every allegation contained in each paragraph incorporated by reference in Paragraph 46 of the Complaint.

47.    Lilly denies the factual allegations contained in Paragraph 47 of the Complaint; the remainder are legal conclusions to which no response is required.

48.    Lilly denies the allegations contained in Paragraph 48 of the Complaint.

49.    Lilly denies the allegations contained in Paragraph 49 of the Complaint.

50.    Lilly denies the allegations contained in Paragraph 50 of the Complaint, except admits that information regarding the safety profile of Zyprexa® was contained in the FDA-approved labeling for Zyprexa®.  Any characterization of the Zyprexa® product labeling

that is inconsistent with the FDA-approved labeling for Zyprexa® when the labeling is read in its entirety is denied.

51.    Lilly denies the allegations contained in Paragraph 51 of the Complaint.

52.    Lilly denies the allegations contained in Paragraph 52 of the Complaint.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

<u>ANSWERING THE FOURTH CAUSE OF ACTION</u>

**[BREACH OF IMPLIED WARRANTY]**

53.    Lilly repeats and realleges with the same force and effect as if fully set forth herein its answer to each and every allegation contained in each paragraph incorporated by reference in Paragraph 53 of the Complaint.

54.    Lilly denies the factual allegations contained in Paragraph 54 of the Complaint.  To the extent the allegations contain legal conclusions no responsive pleading is required.  Lilly admits that it developed, manufactured, marketed and sold Zyprexa® to independent pharmaceutical wholesalers.

55.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint.

56.    To the extent that the allegations contained in Paragraph 56 of the Complaint contain legal conclusions no responsive pleading is required.  Lilly denies the remaining allegations.

57.    Lilly denies the allegations contained in Paragraph 57 of the Complaint.

58.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## ANSWERING THE FIFTH CAUSE OF ACTION

### [BREACH OF EXPRESS WARRANTY]

59.    Lilly repeats and realleges with the same force and effect as if fully set forth herein its answer to each and every allegation contained in each paragraph incorporated by reference in Paragraph 59 of the Complaint.

60.    Lilly denies the allegations contained in Paragraph 60 of the Complaint.

61.    Lilly denies the allegations contained in Paragraph 61 of the Complaint.

62.    Lilly denies the allegations contained in Paragraph 62 of the Complaint.

63.    Lilly denies the allegations contained in Paragraph 63 of the Complaint.

64.    Lilly denies the allegations contained in Paragraph 64 of the Complaint, except Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph relating to plaintiff and her physician.

65.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint.

66.    Lilly denies the allegations contained in Paragraph 66 of the Complaint.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the

costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## ANSWERING THE SIXTH CAUSE OF ACTION

### [FRAUD]

67.    Lilly repeats and realleges with the same force and effect as if fully set forth herein its answer to each and every allegation contained in each paragraph incorporated by reference in Paragraph 67 of the Complaint.

68.    Lilly denies the allegations contained in Paragraph 68 of the Complaint.

69.    Lilly denies the allegations contained in Paragraph 69 of the Complaint.

70.    Lilly denies the allegations contained in Paragraph 70 of the Complaint.

71.    Lilly denies the allegations contained in Paragraph 71 of the Complaint, except Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph relating to plaintiff and her physician.

72.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Complaint relating to plaintiff.

73.    Lilly denies the allegations contained in Paragraph 73 of the Complaint.

74.    Lilly denies the allegations contained in Paragraph 74 of the Complaint.

75.    Lilly denies the allegations contained in Paragraph 75 of the Complaint.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## ANSWERING THE SEVENTH CAUSE OF ACTION

### [FRAUD BY CONCEALMENT]

76.     Lilly repeats and realleges with the same force and effect as if fully set forth herein its answer to each and every allegation contained in each paragraph incorporated by reference in Paragraph 76 of the Complaint.

77.     To the extent that the allegations contained in Paragraph 77 of the Complaint contain legal conclusions no responsive pleading is required.  Lilly denies the remaining allegations.

78.     To the extent that the allegations contained in Paragraph 78 of the Complaint contain legal conclusions no responsive pleading is required.  Lilly denies the remaining allegations.

79.     Lilly denies the allegations contained in Paragraph 79 of the Complaint.

80.     Lilly denies the allegations contained in Paragraph 80 of the Complaint, except Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph relating to plaintiff and her physician.

81.     Lilly denies the allegations contained in Paragraph 81 of the Complaint.

82.     Lilly denies the allegations contained in Paragraph 82 of the Complaint.

83.     Lilly denies the allegations contained in Paragraph 83 of the Complaint.

84.     Lilly denies the allegations contained in Paragraph 84 of the Complaint, except Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph relating to plaintiff and her physician.

85.     Lilly denies the allegations contained in Paragraph 85 of the Complaint.

86.     Lilly denies the allegations contained in Paragraph 86 of the Complaint.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## ANSWERING THE EIGHTH CAUSE OF ACTION

## [UNJUST ENRICHMENT AS TO DEFENDANT]

87. Lilly repeats and realleges with the same force and effect as if fully set forth herein its answer to each and every allegation contained in each paragraph incorporated by reference in Paragraph 87 of the Complaint.

88. Lilly denies the allegations contained in Paragraph 88 of the Complaint.

89. Lilly denies the allegations contained in Paragraph 89 of the Complaint, except Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph relating to plaintiff.

90. Lilly denies the allegations contained in Paragraph 90 of the Complaint.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## PRAYER FOR RELIEF

Lilly incorporates by reference, as though fully set forth herein, its answer to each and every allegation contained in each paragraph of the Complaint.  Lilly denies all allegations concerning its conduct as set forth in paragraphs 1(a)-(c) of the Prayer for Relief and further denies that the plaintiff is entitled to any of the requested relief set forth in Paragraphs 1-11 of the Prayer for Relief.

### FIRST AFFIRMATIVE DEFENSE

91.    The Complaint fails to state a claim upon which relief can be granted against Lilly.

### SECOND AFFIRMATIVE DEFENSE

92.    Discovery may show that plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

93.    Some or all of the plaintiff's claims are barred by the learned intermediary doctrine.

### FOURTH AFFIRMATIVE DEFENSE

94.    The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of the plaintiff and or/others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of the plaintiff and/or others.

### FIFTH AFFIRMATIVE DEFENSE

95.    Any negligent conduct of Lilly, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of the injuries alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

96.     The injuries alleged in the Complaint were caused by the independent, intervening acts or omissions of others which superseded any acts or omissions alleged against Lilly.

## SEVENTH AFFIRMATIVE DEFENSE

97.     If Zyprexa® was involved in the injuries or damages alleged in the Complaint, which is denied, the use of that medicine was neither proper nor in accordance with the prescribed or correct procedures, and accordingly, the medicine was abused, misused, and applied for purposes other than those which were indicated or intended by Lilly.

## EIGHTH AFFIRMATIVE DEFENSE

98.     At all relevant times herein, Lilly manufactured, developed, marketed, and sold its product with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time.

## NINTH AFFIRMATIVE DEFENSE

99.     At all relevant times herein, the plaintiff's prescribing physicians were in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa®.

## TENTH AFFIRMATIVE DEFENSE

100.     Any pharmaceutical medicine manufactured by Lilly which may have been consumed by the plaintiff was manufactured and labeled in a manner consistent with the state of the art at the pertinent time.

## ELEVENTH AFFIRMATIVE DEFENSE

101.    Some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions of the plaintiff, by an idiosyncratic reaction, operation of nature, or act of God, for which Lilly is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

102.    Any and all damages alleged in the Complaint may have been caused by misuse of the product, failure to use the product properly, or negligent use of the product, and therefore the risk was assumed.

## THIRTEENTH AFFIRMATIVE DEFENSE

103.    Plaintiff's claims are preempted by federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

104.    Some or all of the plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comment k to Section 402A of the Restatement (Second) of Torts and/or barred by defenses available under the Restatement (Third) of Torts.

## FIFTEENTH AFFIRMATIVE DEFENSE

105.    Discovery may show that plaintiff's claims are barred by the doctrines of waiver, estoppel, release, and/or laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

106.    Plaintiff's breach of warranty claims are barred because there is no privity of contract between the plaintiff and Lilly; the plaintiff failed to give timely notice of any alleged

breach of warranty to Lilly; plaintiff did not reasonably rely on any alleged warranty; plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded, or modified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

107.    Lilly alleges that it committed no act or omission that was malicious, oppressive, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

108.    All products in any way connected with Lilly are defect-free and not unreasonably dangerous.  Such products fully comply with the products liability standard of Alabama.

## NINETEENTH AFFIRMATIVE DEFENSE

109.    The plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by the plaintiff's failure to exercise reasonable care and diligence to mitigate her alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

110.    Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution and by the Alabama Constitution because Lilly's commercial speech regarding Zyprexa® was neither false nor misleading.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

111.    Plaintiff does not have a cause of action against Lilly for breach of either express or implied warranties or strict liability under the applicable laws.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

112.    Any verdict or judgment rendered against Lilly must be reduced by those

amounts that have been, or will, with reasonable certainty, replace or indemnify plaintiff, in

whole or in part, for any past or future claimed economic loss, from any collateral source such as

insurance, social security, worker's compensation or employee benefit programs.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

113.    Plaintiff is barred from recovering any damages by virtue of the fact that

there was no practical or technically feasible alternative design or formulation that would have

prevented the harm alleged by the plaintiff without substantially impairing the usefulness or

intended purpose of the product.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

114.    Plaintiff's claims are barred, in whole or in part, by the applicable

provisions of the United States Constitution, the Alabama Constitution, and/or the applicable

Constitution of any other State or Commonwealth of the United States whose laws might be

deemed controlling in this case.  This includes, but is not limited to, the First Amendment to the

Constitution of the United States and/or Article I, Section 4 of the Constitution of the State of

Alabama.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

115.    Plaintiff's purported allegations of misrepresentation and fraud do not

comply with Rule 9(b) of either the Federal Rules of Civil Procedure or the Alabama Rules of

Civil Procedure, in that they fail to state a cause of action as a matter of law because, among

other deficiencies, plaintiff fails to plead with specificity any false misrepresentation as to a material fact and/or reliance on the part of plaintiff upon any such material fact.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

116.    The product made the subject of this action may not have been in substantially the same condition as when it entered the stream of commerce.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

117.    Lilly and its employees and agents lacked the requisite scienter and did not consciously or deliberately engage in or perpetuate any fraud with respect to the plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

118.    Lilly alleges that the plaintiff was fully informed of the risks of the use of the product made the subject of this action by the treating physician, and the informed consent given by the plaintiff is pleaded as an affirmative defense.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

119.    Upon information and belief, the plaintiff had full knowledge of the risks and possible adverse effects pertaining to the use of the subject product, as well as the risks relative to the administering of the subject product into plaintiff's person, and all or part of the alleged injuries, damages and/or losses (if any) sustained by plaintiff arose from and were caused by risks of which plaintiff was so aware, and such risks were accepted and assumed by plaintiff. For these reasons, any recovery against Lilly should be diminished, reduced, offset, or barred in accordance with the principles of assumption of the risk and/or informed consent.

## THIRTIETH AFFIRMATIVE DEFENSE

120.    The plaintiff's claims are barred by Lilly's statutory and/or regulatory compliance because the use of this product was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

121.    The plaintiff cannot recover for the claims asserted because she failed to comply with all conditions precedent necessary to bring this action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

122.    Lilly denies that it suppressed or misrepresented any material facts.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

123.    Lilly denies that the plaintiff reasonably or justifiably relied on any alleged representation or other conduct by this defendant to the plaintiff's detriment.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

124.    Lilly avers that it did not participate in, authorize, ratify or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

125.    Lilly denies that it breached any warranty.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

126.    Lilly did not engage in any conduct that would entitle plaintiff to recover punitive damages.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

127.    Punitive damage awards in Alabama are unconstitutional because they are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; therefore, the plaintiff cannot recover punitive damages.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

128.    Punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of due process and equal protection provisions of both the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama; therefore, the plaintiff cannot recover punitive damages.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

129.    The plaintiff's claims for punitive damages are barred by § 6-11-27 and § 6-11–20 of the Alabama Code.

### FORTIETH AFFIRMATIVE DEFENSE

130.    To the extent the Complaint asserts or alleges that plaintiff is entitled to recover punitive or exemplary damages from Lilly, then Lilly asserts the following defenses:

1.    Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

(a)       It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)       Procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)       The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)       The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)       The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)       The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for

the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth

and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of

the United States Constitution;

(g)    The procedures pursuant to which punitive damages are

awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the

United States Constitution;

(h)    The award of punitive damages to plaintiff in this action

would constitute a deprivation of property without due process of law; and

(i)    The procedures pursuant to which punitive damages are

awarded permit the imposition of an excessive fine and penalty.

### FORTY-FIRST AFFIRMATIVE DEFENSE

131.    Lilly says that all or some of the plaintiff's medical expenses have been

paid by the plaintiff's medical insurance carrier, or some other form of insurance, and the

plaintiff is not entitled to recover said medical expenses pursuant to § 6-5-522 of the Alabama

Code.

### FORTY-SECOND AFFIRMATIVE DEFENSE

132.    Lilly affirmatively pleads and avers the protections afforded it by

§ 6-11-21 of the Alabama Code.

### FORTY-THIRD AFFIRMATIVE DEFENSE

133.    Plaintiff's claims are barred and/or this Court should defer this matter, in

whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged

under the law with regulating prescription drugs, including Zyprexa®, and is specifically

charged with determining the content of warnings and labeling for prescription drugs.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

134.    Lilly denies any paragraph or any portion of any paragraph in the

Complaint not previously referred to herein.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

135.    Lilly hereby gives notice that it intends to rely upon such other defenses as

may become available or appear during discovery in this case or otherwise, and hereby reserves

the right to amend this Answer to assert any such defenses.

## DEMAND FOR TRIAL BY JURY

136.    Defendant demands trial by Jury for all issues in this action.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's

Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the

costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be

granted any other relief to which it may be entitled.

s/ James C. Barton, Jr.                          .
James C. Barton, Jr.
Bar Number: ASB-0237-B51J
Email: jb2@jbpp.com

s/ Alan D. Mathis                             .
Alan D. Mathis
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for Defendant
Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:    (205) 458-9400
Facsimile:    (205) 458-9500


**OF COUNSEL:**

Nina M. Gussack
Barry H. Boise
Marlene S. Gomez
**PEPPER HAMILTON LLP**
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
Telephone:    (215) 981-4000
Facsimile:    (215) 981-4750


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on June 27, 2005, using the CM/ECF system, which will send notification of such filing to the following:

Lee Hamilton
Landis Sexton
HAMILTON SEXTON & BERRY, LLC
P.O. Box 240609
Montgomery, AL  361424-0609


s/ Alan D. Mathis                           .
Of Counsel

W0515746.DOC