IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUN 24 P 2: 27

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
M.D. OF ALA.

| | |
|---|---|
| DANDALL McTIER, JR., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: CV-05-1278 |
| ELI LILLY AND COMPANY; | ) |
| DAVID LARRAINE; | ) 2:05cv607 |
| MICHAEL W. JONES, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this case from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, and in support thereof states as follows:

## BACKGROUND

1. Plaintiff commenced this action on May 13, 2005, by filing his Complaint in the Circuit Court of Montgomery County, Alabama. (True and correct copies of all process, pleadings, discovery, and orders served upon defendants to date in the Circuit Court of Montgomery County, Alabama, are attached hereto collectively as Exhibit A.)

2. A Tag Along Notice is being filed with the Judicial Panel on Multidistrict Litigation ("MDL Panel") because this action is related to the Zyprexa Products Liability Litigation previously transferred to the Honorable Jack B. Weinstein in the Eastern District of New York as MDL 1596. The MDL Panel will issue a Conditional Transfer Order conditionally

transferring this action to the Eastern District of New York for consolidated and coordinated pretrial proceedings in MDL 1596.

3. Lilly was served with the Complaint on May 27, 2005.

4. There is no evidence that Defendants David Larraine and Michael W. Jones (hereinafter collectively "Individual Defendants") have been served with a copy of the Complaint, nor that plaintiff even attempted to serve these individuals beyond serving Lilly.

5. Accordingly, this Notice is being filed within 30 days after Lilly's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

6. Consent of the Individual Defendants is not needed if the Individual Defendants were not served at the time of removal. 28 U.S.C. § 1441(b). Consent is also not needed where the Individual Defendants were fraudulently joined. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Wiggins v. American Home Products Corp.*, 2001 WL 34013629, *3 (N.D. Ala. 2001).

**AMOUNT IN CONTROVERSY**

7. The Complaint alleges, *inter alia*, that plaintiff suffered serious injuries as a result of ingestion of Zyprexa®. *See* Compl. at ¶ 8.

8. The Complaint alleges that plaintiff "incurred medical and incidental expenses" and "sustained loss of earnings" as a result of ingestion of Zyprexa®. *See* Compl. at ¶¶ 9-10.

9. Plaintiff avers that Lilly's conduct was the cause of plaintiff's claimed injuries and seeks punitive damages.

10. Plaintiff's counsel here has filed identical complaints in federal court claiming damages in excess of $75,000. *See, e.g., Hood v. Eli Lilly and Co.*, No. 04-P-0884-W

2

(N.D. Ala. filed May 3, 2004). The only distinguishing feature of the federal court complaints is that the fraudulently joined, individual defendants were not named in those actions.

11. On these facts, Lilly reasonably believes, and therefore avers, that the amount in controversy in this action exceeds $75,000 exclusive of interests and costs.

**DIVERSITY OF CITIZENSHIP**

12. Plaintiff states that he resides in Montgomery County, Alabama. *See* Compl. at ¶ 1. Plaintiff was at the time this action commenced, and is now, a citizen and resident of the State of Alabama.

13. Lilly is a citizen of the State of Indiana. It is a corporation incorporated under the laws of Indiana, and it has its principal place of business at the Lilly Corporate Center, Indianapolis, IN 46285.

14. Lilly is unaware of any employee in Alabama by the name of David Larraine, and upon information and belief, does not believe David Larraine is a citizen of Alabama.

15. Plaintiff alleges that defendant Michael W. Jones is a resident of Alabama.

16. This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C §§ 1332 and 1441. While the citizenship of Mr. Jones may not be diverse from the plaintiff's citizenship, Lilly removes this action based on the doctrine of fraudulent joinder. Disregarding the citizenship of the fraudulently joined Individual Defendants, there is diversity of citizenship between plaintiff and the remaining defendant, Lilly. Further, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

17. Individual Defendants should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the grounds of fraudulent joinder. *See*

3

*Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359-1360 (11th Cir. 1996) *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). For the reasons set forth below, there is no possibility plaintiff will be able to establish liability against Individual Defendants under the allegations of the Complaint.

## THE FRAUDULENTLY JOINED DEFENDANT

18. Fraudulent joinder does not require proof of fraud. Rather the doctrine of fraudulent joinder permits the Court to ignore the citizenship of a non-diverse defendant where there is "no possibility that the plaintiff can establish any cause of action against the resident defendant." *See Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997).

19. Individual Defendants were fraudulently joined because there is no possibility that plaintiff could prevail on any of the claims asserted against them.

20. Plaintiff alleges causes of action for strict products liability, negligence, breach of express warranty, breach of implied warranty, fraud, fraud by concealment and unjust enrichment. *See* Compl. at ¶¶ 26-90.

21. There is no reasonable basis for predicting that Individual Defendants would be held liable because, under Alabama law, there is no cause of action against pharmaceutical representatives for injuries caused by the drugs they represent. *See In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001) ("*Rezulin I*") (applying Alabama law) (finding resident pharmaceutical representatives fraudulently joined in claims for product liability under the AEMLD, negligence, wantonness, fraudulent misrepresentation, and fraudulent suppression). An AEMLD claim may be asserted only against manufacturers and sellers of the product at issue, not individual defendants, such as Mr. Jones and Mr. Larraine. *See Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) ("In an AEMLD action, the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product."). Since

4

Individual Defendants are neither manufacturers nor sellers of the prescription medicine Zyprexa®, they cannot be held liable under the AEMLD. *Rezulin I*, 133 F. Supp. 2d at 287 (AEMLD claim is not cognizable against pharmaceutical representatives); *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (AEMLD claim and claims of negligence, wantonness, and civil conspiracy are not cognizable against individual sales representatives employed by defendant cigarette manufacturer). The AEMLD does not impose liability on the lower level employees of a seller or supplier, because "neither the applicable case law nor the policy objectives articulated by Alabama and other state courts can support the extension of the AEMLD to encompass [employees of the seller or supplier]." *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip Op. at 8 (S.D. Ala. Sept. 3, 1996). Accordingly, since there is no legal basis for the claims made against Individual Defendants, they are fraudulently joined.

22.  Plaintiff makes no allegations whatsoever as to Individual Defendant, Mr. Jones. For example, paragraphs 15-18 of the Complaint make allegations against only "Defendants Eli Lilly and Larraine." *See* Compl. at ¶¶ 15-18

23.  Plaintiff also makes no specific factual allegations regarding any conduct of Mr. Larraine with respect to any of plaintiff's claims. Instead, plaintiff makes only broad conclusory assertions by simply lumping the Individual Defendants together with Lilly, but includes no factual allegations to support any claims against any of the Individual Defendants. (*See, e.g.*, Compl. at ¶ 47 ("Defendants had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and take such steps to assure that the product did not cause users to suffer from unreasonable and dangerous side effects.")) Such allegations are not sufficient to state a factual

5

basis for any claim against the Individual Defendants. *See, e.g., Lizana v. Guidant Corp.*, Civ. No. 1:03cv254, slip op. at 5 (S.D. Miss. Jan. 21, 2004) (finding sales representative fraudulently joined, and observing that a "plaintiff wishing to defeat a fraudulent joinder claim must plead specific facts and avoid advancing claims in general terms or make mere allegations of wrongdoing on the part of the non-diverse defendant"); *In re Rezulin Prods. Liab. Litig*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("*Rezulin II*") (pharmaceutical representative was fraudulently joined where plaintiff made "no specific allegations" against him); *see also Wiggins v. American Home Prods. Corp.*, No. CV-01-J-2303-NW, 2001 WL 34013629, at *3 n.4 (N.D. Ala. Oct. 2, 2001) (finding resident defendant fraudulently joined because "plaintiffs ma[de] no specific allegation[s] against [the instate defendant] at all in any of the eight counts of the complaint"), *aff'd*, 37 Fed. Appx. 980 (11th Cir. 2002); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

24.   There is no possibility that plaintiff will prevail on any of his claims against the Individual Defendants because plaintiff has not alleged and cannot allege that the Individual Defendants personally participated in any alleged wrongdoing. *See, e.g., Stern v. Wyeth*, No. 02-80620-CIV-MARRA, at 6 (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where plaintiff failed to adequately allege "personal involvement" by an employee defendant in the alleged tortious conduct of the corporate defendant employer); *Kimmons v. IMC Fertilizer*, 844 F. Supp. 738, 740 (M.D. Fla. 1994) (defendant fraudulently joined where no allegations of personal participation were made).

6

25.　There is no possibility that plaintiff could prevail on his warranty claims against the Individual Defendants because the Individual Defendants are not suppliers or sellers of Zyprexa®. The sine quo non of a breach of warranty claim -- whether for breach of express warranty or breach of implied warranty -- is that a warranty is made only by "the seller" of the goods. *See* Ala. Code § 7-2-313(1) & 7-2-314(1) (2002) (both express and implied warranty claims refer to the creation of warranties by the "seller"). The seller of a product is, as a matter of law, the corporate entity that makes the sale -- not the employee of the corporation. *See Rezulin I*, 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the professional representative); *see also Laboto v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958) (drug store employee who sold defective product was fraudulently joined because he was not a "seller" and thus could not be held liable for breach of warranty); *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000) ("Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as the warrantor of the product."); *McCurtis v. Dolgencorp, Inc.*, 968 F. Supp. 1158, 1160 (S.D. Miss. 1997) (stating that courts cannot hold sales representatives liable for breach of warranty when they are "not in the business of selling products but rather are employed in the business of selling products") (emphasis added) (citations omitted). Plaintiff's claims of "unjust enrichment" as to the non-seller defendants fail for similar reasons.

26.　Plaintiff's fraud allegations state no cause of action against Individual Defendants for fraud or fraud by concealment because plaintiff has failed to plead with the particularity required by Ala. R. Civ. P. 9(b) and Fed. R. Civ. P. 9(b). Where a claim sounding in fraud fails to satisfy Fed. R. Civ. P. 9(b), the plaintiff cannot state a cause of action against the

Individual Defendants and those defendants are joined fraudulently. *See, e.g., Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422 (Ala. 1981) (dismissing plaintiff's fraudulent concealment claim pursuant to Ala. R. Civ. P. 9 where the complaint failed to "show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained"); *Rezulin I*, 133 F. Supp. 2d at 283-84 (finding sales representative fraudulently joined due to plaintiff's failure to plead fraud claims with particularity); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against defendants violated Rule 9(b) and resulted in finding of fraudulent joinder). Whether a claim sounds in fraud depends not on "the label used in the pleading," but on whether the "wording and imputations of the complaint are classically associated with fraud." *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004); *see also Rezulin I*, 133 F. Supp. 2d at 285 (reasoning that, "although plaintiffs have characterized their claims as being for negligence, in substance they charge fraud" and thus trigger Rule 9(b)). Here, there are no statements attributed to either of the Individual Defendants.

27.   For the reasons stated above, plaintiff's Complaint states no cause of action against the Individual Defendants for products liability, negligence, fraud, fraudulent concealment, breach of warranty or unjust enrichment.

## PROCEDURAL REQUIREMENTS

28.   This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441(b).

29.   This Notice is timely, as it was filed within (a) thirty days after receipt by Lilly of the notice from which it first ascertained that the case was one which was removable and (b) within one year of the filing of the Complaint.

30. The United States District Court for the Middle District of Alabama is the federal judicial district encompassing the Circuit Court of Montgomery County, Alabama, where this suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

31. Pursuant to the provisions of 28 U.S.C. § 1146(d), Lilly will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Montgomery County, Alabama.

32. Written notice of the filing of this Notice of Removal will be given to the plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Montgomery County, Alabama, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama.

DATED this 24th day of June, 2005

/s/ James C. Barton, Jr.
James C. Barton, Jr.
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama  35203-2618
(205) 458-9400
(205) 458-9500 (fax)

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, on this 24th day of June 2005 upon the following:

Lee Hamilton
Landis Sexton
HAMILTON SEXTON & BERRY, LLC
P.O. Box 240609
Montgomery, AL 361424-0609


_____
OF COUNSEL