Exh A

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DANDALL McTIER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELI LILLY AND COMPANY; | ) |
| DAVID LARRAINE; | ) |
| MICHAEL W. JONES | ) |
| | ) |
| Defendants. | ) |

CASE NO. CV-05-1278

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

### COMPLAINT

Comes now Plaintiff Dandall McTier, Jr. and for his complaint against defendants,
and states the following:

### STATEMENT OF PARTIES

1.      Plaintiff, Dandall McTier, Jr., is an individual over the age of
nineteen (19) years and a resident of Montgomery County, Alabama.

2.      At all times herein mentioned, Defendants ELI LILLY AND
COMPANY, (hereafter "ELI LILLY") was and is a corporation existing under the
laws of incorporation of the State of Indiana, with its principal place of business in
Indianapolis, Indiana.   At all times relevant to this action, Defendant Eli Lilly
conducted business in the State of Alabama, and within this judicial district.   At all
times relevant to this action, Defendant ELI LILLY engaged in interstate commerce
in this judicial district, by designing, manufacturing, testing, analyzing, distributing,
recommending, merchandising, advertising, promoting, supplying and selling to
distributors, and retailers for resale to physicians, hospitals, medical practitioners and

9.      As a direct, proximate, and legal result of the ingestion of ZYPREXA, Plaintiff suffered injuries, all to his general damage in a sum in excess of the jurisdictional amount required by this Court.

10.     As a direct, proximate, and legal result of the ingestion of ZYPREXA, Plaintiff was required to, and did, employ physicians and other medical professionals to examine, treat, and care for him and therefore Plaintiff incurred medical and incidental expenses.

11.     As a further direct, proximate, and legal result of the ingestion of ZYPREXA, Plaintiff was prevented from attending to his usual occupation and thereby sustained loss of earnings.

12.     ZYPREXA is among a group of drugs called the "atypical antipsychotic drugs" prescribed for the treatment of certain disorders.  Among these disorders are schizophrenia and bipolar mania.

13.     At all times relevant, to this action the Defendants Eli Lilly manufactured, created, designed, tested, labeled, sterilized, packaged, distributed, supplied, marketed, sold, advertised, and otherwise distributed ZYPREXA.

14.     ZYPREXA has been widely advertised by the Defendants as an effective treatment for bipolar disorder and schizophrenia, with fewer adverse side effects than other treatments.

15.     Defendants Eli Lilly and Larraine, further induced physicians to prescribe ZYPREXA for treating disorders for which the FDA had not approved ZYPREXA.

16.   The Defendants Eli Lilly and Larraine aggressively marketed ZYPREXA in the United States, and in this judicial district.

17.   The Defendants Eli Lilly and Larraine undertook advertising campaigns promoting the virtues of ZYPREXA in order to induce widespread use of the product.

18.   The advertising, by affirmation, misrepresentation and/or omission, falsely and fraudulently sought to create the image and impression that the use of ZYPREXA was safe for human use and had fewer side effects and adverse reactions than other methods of treatment for bipolar disorder and schizophrenia.

19.   The Defendants purposefully minimized and understated health hazards and risks associated with ZYPREXA. The Defendants, through literature and oral statements, deceived potential users of ZYPREXA and their physicians by relaying positive information, including testimonials from satisfied users and by manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. The Defendants falsely and fraudulently withheld relevant information from potential users of ZYPREXA.

20.   Plaintiff is informed and believes and thereon alleges that total profits from the sale of ZYPREXA exceeds billions of dollars.

21.   At least as early as 1998, the medical literature conclusively revealed data that linked ZYPREXA with causing diabetes. An indicative report was published on October 15, 1998, in the Society of Biological Psychiatry, Volume 44, Number 8, pages 778-83, titled "Novel Antipsychotics and New Onset Diabetes." Other numerous reports and studies are prevalent throughout the medical literature from 1998

through the present which, detail a causal link between the ingestion of ZYPREXA and the development of hyperglycemia, diabetes and ketoacidosis, as well as many other undisclosed risks.

22.    On July 1, 2002, Duke University Medical Center issued a Press Release about a finding that linked ZYPREXA to early onset diabetes. The researchers identified 289 cases of diabetes in patients who had been prescribed ZYPREXA. These findings were published on July 2, 2002, in the Medical Journal of Pharmacotherapy, Vol. 22, No. 7, pages 841-52. The known danger that the Defendants' product ZYPREXA was causing hyperglycemia and diabetes was never indicated in any manner by Defendants to Plaintiff or to Plaintiff's physician who prescribed the product to Plaintiff. Plaintiff was unaware of said defect of said product prior to ingesting ZYPREXA.

23.    The physician who prescribed ZYPREXA to Plaintiff relied on the representations made to him by the Defendants prior to the date of prescribing ZYPREXA for use. The physicians relied on the representations regarding the safety of ZYPREXA, and would not have recommended for use or prescribed ZYPREXA if he had known the true facts regarding the safety of ZYPREXA.

24.    Prior to the date upon which the aforesaid product was prescribed to Plaintiff, the Defendants knew, or should have known, that the product was extremely dangerous and unsafe for use by the general public for the aforesaid purpose. The dangers of this product included, by way of example, the likelihood of developing hyperglycemia, pancreatitis, diabetes or ketoacidosis and other injuries. The Defendants

failed to take appropriate action to cure the nature of these defects or to warn users of the product or their physicians of such dangerous characteristics.

25.    The Defendants thereby acted with malice toward Plaintiff, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award punitive damages for the sake of example and for the purpose of punishing the Defendants for its conduct, in an amount sufficiently large to be an example to others and to deter these Defendants and others like them from engaging in similar conduct in the future.  The aforesaid wrongful conduct was done with the advance knowledge, authorization, and/or ratification of an officer, director, and/or managing agent of Defendants Eli Lilly.

## FIRST CAUSE OF ACTION
### [Strict Products Liability Failure to Warn]

26.    Plaintiff hereby incorporates by reference as if fully set forth herein each and every allegation in paragraph 1-24, inclusive, of this Complaint.

27.    Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting ZYPREXA, and through that conduct they have knowingly and intentionally placed ZYPREXA into the stream of commerce with full knowledge that it would arrive in the judicial district where the Plaintiff ingested it.  Defendants did in fact sell, distribute, supply, manufacture, and/or promote, individually and collectively, ZYPREXA to Plaintiff, and to his prescribing physician.    Additionally, Defendants expected the ZYPREXA they were selling, distributing and supplying, manufacturing and/or promoting to reach, and ZYPREXA did in fact reach, prescribing physicians and consumers in this State and in this judicial

district, including Plaintiff, and his prescribing physician, without substantial change in the condition of the product.

28.    At all times herein mentioned, the aforesaid product was defective and unsafe in manufacture, and was so at the time it was distributed by Defendants and ingested by Plaintiff.  Given the severity of the adverse effects of ZYPREXA, the aforesaid product was defective in that it was not properly prepared and/or was not accompanied by proper warnings regarding all possible adverse side effects associated with the use of ZYPREXA.  These defects caused serious injuries to the user when ZYPREXA was used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in the manner recommended by Defendants.

29.    Defendants knew that the aforesaid product was to be used by the user without inspection for defects therein.

30.    The Plaintiff used the product for its intended purpose.

31.    The aforesaid product was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.  The reasonably foreseeable use of the product, i.e., ingestion to aid in treating bipolar disorder and/or schizophrenia, involved substantial dangers not readily recognizable by the ordinary user of the product.  The Defendants failed to warn of the known or knowable likelihood of injury including but not limited to the likelihood the user would develop diabetes, pancreatitis, hyperglycemia and/or ketoacidosis.

32.    Plaintiff did not know, nor did Plaintiff have reason to know, at the time of the use of the aforesaid product, or at any time prior thereto, of the existence of

the foregoing described defects. These defects caused Plaintiff the injuries described herein and the injuries from which the Plaintiff continues to suffer.

33.    The Defendants knew that the aforesaid product was to be used by the user without inspection for defects therein and that the aforesaid product was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

34.    Plaintiff neither knew, nor had reason to know, at the time of the use of aforesaid product, or at any time prior thereto, of the existence of the foregoing described defects.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## SECOND CAUSE OF ACTION
### [Strict Products Liability/Defective Product]

35.    Plaintiff hereby incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1 through 33, inclusive, of this Complaint.

36.    Defendants has engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting ZYPREXA, and through that conduct has knowingly and intentionally placed ZYPREXA into the stream of commerce with full knowledge that it would arrive in the judicial district where the Plaintiff ingested it.    Defendants did in fact sell, distribute, supply, manufacture, and/or promote, individually and collectively, ZYPREXA to Plaintiff, and his prescribing physician.

- 8 -

Additionally, Defendants expected the ZYPREXA they were selling, distributing and supplying, manufacturing and/or promoting to reach, and did in fact reach, prescribing physicians and consumers in this State and in this judicial district, including Plaintiff, and his prescribing physician, without substantial change in the condition of the product.

37.    The ZYPREXA manufactured and/or supplied by Defendants was placed into the stream of commerce by these Defendants in a defective and unreasonably dangerous condition in that the foreseeable risks exceeded the benefits associated with the design or formulation.

38.    Alternatively, the ZYPREXA manufactured and/or supplied by Defendants was defective in design or formulation in that when it was placed in the stream of commerce, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect, and it was more dangerous than other forms of treatment.

39.    The ZYPREXA manufactured and/or supplied by Defendants was defective due to inadequate warning or instruction because the Defendants knew or should have known that the product created a risk of harm to consumers and that the Defendants failed to adequately warn of said risks.

40.    The ZYPREXA manufactured and/or supplied by Defendants was defective due to inadequate warning and/or inadequate testing.

41.    As designed the ZYPREXA contained unreasonably dangerous design defects and was not reasonably safe as intended making the risks of ZYPREXA outweigh its benefits and subjecting Plaintiff to risks which exceeded the benefits of the ZYPREXA.

42. The ZYPREXA manufactured and/or supplied by Defendants was defective due to inadequate post-marketing warning or instruction because after the Defendants knew or should have known of the risk of injury from ZYPREXA, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product.

43. The Plaintiff used the product for its intended purpose.

44. As a proximate and legal result of the defective unreasonably dangerous condition of these products manufactured and/or supplied by Defendants, Plaintiff was caused to suffer the herein described injuries from which the Plaintiff continues to suffer.

45. WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## THIRD CAUSE OF ACTION
### [Negligence]

46. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 44, inclusive, of this Complaint.

47. At all times herein mentioned, Defendants had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and take such steps to assure that the product did not cause users to suffer from unreasonable and dangerous side effects.

48. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid product was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied and prepared and provided with proper warnings, it was likely to injure the product's user.

49. The Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over promoted and supplied the aforesaid products that it was dangerous and unsafe for the use and purpose for which it was intended.

50. The Defendants negligently failed to warn of the nature and scope of dangers associated with ZYPREXA.

51. The Defendants were aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendants knew or should have known that ZYPREXA caused serious injuries, it failed to disclose the known or knowable risks associated with the products as set forth above. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with a conscious disregard for the safety of Plaintiff.

52. As a result of the carelessness and negligence of Defendants as alleged herein and in such other ways to be later shown, the aforesaid product caused Plaintiff to sustain injuries as herein alleged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this

Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## FOURTH CAUSE OF ACTION
### [Breach of Implied Warranty]

53.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 51, inclusive, of this Complaint.

54.     At all times mentioned herein, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold the aforesaid product, and prior to the time it was prescribed to Plaintiff, Defendants impliedly warranted to Plaintiff that the product was of merchantable quality and safe for the use for which it was intended.

55.     Plaintiff reasonably relied on the skill and judgment of the Defendants in using the aforesaid product.

56.     The product was unsafe for its intended use and it was not of merchantable quality, as warranted by Defendants in that it had very dangerous propensities when put to its intended use and would cause severe injury to the user. The aforesaid product was unaccompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution. As a direct and proximate result of the Defendants' breach of warranty, the Plaintiff sustained damages as alleged herein.

57.     The aforesaid product caused Plaintiff to sustain injuries and Plaintiff to sustain damages as herein alleged.

58.    After Plaintiff was made aware that his injuries were a result of the aforesaid product, notice was duly given to Defendants of the breach of said warranty.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

### FIFTH CAUSE OF ACTION
### [Breach of Express Warranty]

59.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 57, inclusive, of this Complaint.

60.    The aforementioned manufacturing, compounding, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandizing, advertising, promoting, supplying and selling of the aforesaid product was expressly warranted to be safe for use by Plaintiff and other members of the general public.

61.    The Defendants expressly warranted that ZYPREXA was safe.

62.    ZYPREXA failed to conform to the Defendants' warranties because ZYPREXA was not safe.

63.    At the time of the making of the express warranties, Defendants had knowledge of the purpose for which the aforesaid product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose. The aforesaid product was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

- 13 -

use to aid in treating bipolar disorder and schizophrenia. The representations by said Defendants were, in fact, false. The true facts include, but are not limited to the fact that the aforesaid products were not safe for their stated purpose, and it was, in fact, dangerous to the health and body of Plaintiff.

69.    The representations by Defendants were, in fact, false. The true fact that the products were not adequately tested, that there were frequent, severe, protracted, debilitating, difficult, life threatening and disabling side effects and adverse effects of the products, including but not limited to the development of diabetes, pancreatitis, hyperglycemia and ketoacidosis, and death. Defendants did not disclose or warn the Plaintiff or his physician about the known risk of injury in using the product. Defendants misrepresented the safety of the product, represented that the product as marketed was safe for use in bipolar disorder and schizophrenia treatment and concealed warnings of the known or knowable risks of injury in using the product.

70.    When Defendants made these representations, they knew that they were false. Defendants made said representations with the intent to defraud and deceive Plaintiff, and with the intent to induce him to act in the manner herein alleged.

71.    At the time Defendants made the aforesaid representations, and at the time Plaintiff took the actions herein alleged, Plaintiff and his physician were ignorant of the falsity of these representations, reasonably believed them to be true, and relied upon them. In reliance upon said representations, Plaintiff was induced to, and did, use the aforesaid product as described herein.

72.    If Plaintiff had known the actual facts, he would not have taken the produce at issue.

73.    The reliance of Plaintiff and his physician upon Defendants' representations was justified because said representations were made by individuals and entities who appeared to be in a position to know the true facts.

74.    As a result of Defendants' fraud and deceit, Plaintiff was caused to sustain the herein described injuries.

75.    In doing the acts herein alleged, the Defendants acted with oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future.    Said wrongful conduct was done with the advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Defendants.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## SEVENTH CAUSE OF ACTION
### [Fraud by Concealment]

76.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraph 1 though 74, inclusive, of this Complaint.

77.    At all times relevant to this action, Defendants had the duty and obligation to disclose to Plaintiff and to his physician, the true facts concerning the aforesaid product, specifically that said product was dangerous and defective and how likely it was to cause serious consequences to users, including injuries and death, and how unnecessary it was to use said product for the purposes indicated.  Defendants made

- 16 -

affirmative representations as set forth herein to Plaintiff, his physician and the general public prior to the date ZYPREXA was prescribed to Plaintiff, while concealing the following material facts.

78.    At all times relevant to this action, Defendants had the duty and obligation to disclose to Plaintiff and to his physician the true facts concerning the aforesaid product; that is, that use would cause injuries including but not limited to diabetes, pancreatitis, hypergylcemia and ketoacidosis.

79.    At all times relevant to this action, Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth herein from Plaintiff's physician with the intent to defraud as herein alleged.

80.    At all times herein mentioned, neither Plaintiff nor his physician were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, they would not have utilized the product.

81.    As a result of the concealment or suppression of the facts set forth above, Plaintiff suffered injuries as set forth herein.

82.    In doing the actions herein alleged, Defendants acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendants' wealth, and in an amount sufficiently large to be an example to others, and to deter these Defendants and others like them from engaging in similar conduct in the future.

83.    That at all times relevant to this action, Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth herein from

Plaintiff's physician and therefore from Plaintiff, with the intent to defraud Plaintiff as herein alleged.

84.    At all times herein mentioned, neither Plaintiff nor his physician were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, Plaintiff's physician would not have prescribed Zyprexa to Plaintiff and Plaintiff would not have ingested it.

85.    As a result of the concealment or suppression of the facts set forth above, Plaintiff suffered injuries as set forth herein.

86.    In doing the action herein alleged, Defendants acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendants' wealth, and in an amount sufficiently large to be an example to others, and to deter these Defendants and others like them from engaging in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## EIGTH CAUSE OF ACTION
### [Unjust Enrichment as to Defendants]

87.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

88.    As a direct, proximate, and foreseeable result of Defendants' acts and otherwise wrongful conduct, Plaintiff was gravely harmed. Defendants profited and benefited from the sale of ZYPREXA, even as it injured Plaintiff.

89.     Defendants have voluntarily accepted and retained these profits and benefits, derived from consumers, including Plaintiff, with full knowledge and awareness that, as a result of Defendants' unconscionable and intentional wrongdoing, consumers, including Plaintiff were not receiving products of the quality, nature, fitness, or value that had been represented by Defendants or that reasonable consumers expected. Plaintiff purchased medicine that he expected would improve his health, and instead found his health destroyed.

90.     By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of the Plaintiff, who is entitled to in equity, and hereby seeks, the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief from Defendants as follows:

1.     Punitive and exemplary damages.  In support of said damages, Plaintiff incorporates by reference all preceding and following paragraphs as if fully set forth herein and further alleges as follows:

(a)     Plaintiff is entitled to punitive damages because Defendants acted with intentional and reckless indifference to Plaintiff's safety and well being. Defendants misled both the medical community and the public at large, including Plaintiff, by making false and misleading representations about the safety of ZYPREXA. Defendants understated and/or disregarded their knowledge of the serious and permanent adverse effects associated with the use of ZYPREXA despite available information demonstrating that their product was likely to cause serious, and sometimes, fatal side effects to users, like Plaintiff.

(b)     Defendants are or should have been in the possession of evidence demonstrating that ZYPREXA caused serious adverse reactions.     Nevertheless, Defendants continued to market ZYPREXA by providing false and misleading information as to the safety of the product.

(c)     Accordingly, punitive damages are warranted, and should be awarded to Plaintiff as determined at trial.

2.     For general damages in a sum in excess of the jurisdictional minimum of this Court;

3.     For special damages in a sum in excess of the jurisdictional minimum of this Court;

4.     For compensatory damages in excess of the jurisdictional minimum of this Court;

5.     For consequential damages in excess of the jurisdictional minimum of this Court, according to proof;

6.     For medical, incidental, and hospital expenses according to proof;

7.  For prejudgment and post judgment interest as provided by law;

8.  For full refund of all purchase costs Plaintiff paid for ZYPREXA;

9.  For punitive damages;

10. For attorneys' fees, expenses, and costs of this action; and,

11. For such further relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Respectfully Submitted,

Lee Hamilton
Landis Sexton
Attorneys for Plaintiff

**OF COUNSEL:**

HAMILTON SEXTON & BERRY, LLC
P. O. Box 240609
Montgomery, AL 361424-0609
(334) 396-5719

Andrew C. Allen
W. Todd Harvey
WHATLEY DRAKE, L.L.C.
2323 Second Avenue North
P.O. Box 10647
Birmingham, Alabama 35202-0647
(205) 328-9576

## PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:

National Registered Agents, Inc. (Registered Agents for Eli Lilly)
150 S. Perry Street
Montgomery, AL 36104